RECEIVED
IN LAKE CHARLES, LA

MAY 22 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| HERMAN CURTIS ALDRICH, JR.<br>DOC #465230 | CIVIL ACTION NO. 09-473-LC<br>SECTION P |
| VS. | JUDGE MINALDI |
| JERRY GOODWIN, ET AL | MAGISTRATE KAY |

## REPORT AND RECOMMENDATION

Before the court is a *pro se* civil rights complaint (42 U.S.C. § 1983) filed in *forma pauperis* by plaintiff Herman Curtis Aldrich, Jr. on March 24, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana. However, he complains of events that occurred while he was incarcerated at David Wade Correctional Center (DWCC). He names the following as defendants herein: DWCC Warden Jerry Goodwin, DWCC Colonel Lonnie Nail, and DWCC Lieutenant Colonel Earl Benson.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The claims made the basis of plaintiff's suit encompass almost a three year period from January 2006 through December 2008. Plaintiff's complaints begin shortly after his January 2006 arrival at DWCC. More specifically, he states that upon entering DWCC, he informed the staff that he had enemies at the facility. He maintains that in June 2006, he was attacked by an inmate and informed defendant Nail that he did not feel safe and wanted to be transferred. He alleges that throughout the remainder of 2006, he received written and verbal threats from inmate Hamilton. He further alleges that he again informed defendant Nail of the problem and provided

Nail with letters written to plaintiff and other inmates concerning plaintiff's safety. He states that he wrote defendant Goodwin letters concerning the problem but did not receive a response.

On May 9 or 10, 2007, plaintiff states that inmate Hamilton was placed in the same dorm as him, and that on May 16, 2007, plaintiff was attacked by an inmate (no name given). He was again attacked on November 11, 2007, this time by inmate Gillet. Plaintiff states that other inmates threatened that if he told security he would be attacked again. He maintains that during this time, he continued to write letters to defendant Goodwin and to file ARP's.

Plaintiff alleges that on October 15, 2008, he was unexpectedly attacked by inmate Joseph Watson. He also alleges that he was harassed and threatened by inmates and security on a daily basis, and was coerced and threatened into withdrawing his ARP's. He was transferred from DWCC on December 8, 2008.

As a result of the above, plaintiff seeks compensatory damages for the physical pain & suffering that he sustained at DWCC as well as damages for mental and emotional stress.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept

2

plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

## II. 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his Complaint should therefore be dismissed with prejudice.

## III. Statute of Limitations

"Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to 28 U.S.C. § 1915(e)(2)(B)). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). The applicable statute of limitation in a § 1983 action is the forum state's personal injury limitations period. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). Therefore, the court

3

applies Louisiana Civil Code, article 3492, which carries a limitations period of one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues. *Jacobsen*, 133 F.3d at 319. Under federal law, a § 1983 action accrues when plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).

In this case, absent interruption or tolling of the period of limitations (which does not appear applicable in this matter), many of plaintiff's causes of action with respect to his specific claims accrued from January 2006 through November 11, 2007. Plaintiff's complaint was signed on March 5, 2009, and was received and filed with this court on March 24, 2009. Therefore, all of his civil rights claims based upon events which occurred prior to March 24, 2008, are clearly untimely. In fact, some of plaintiff's claims prescribed as early as 2007. Thus, plaintiff's only remaining claims are those arising on or after March 24, 2008. Those claims encompass his alleged October 15, 2008 attack by inmate Watson.

## IV. Eighth Amendment Claim-Failure to Protect

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other inmates. However, not every injury suffered by a prisoner rises to the level of a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). In order to establish an Eighth Amendment violation, an inmate must establish both a subjective and objective component. The objective requirement necessitates that the inmate allege a sufficiently serious deprivation. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991). "[O]nly those deprivations denying

'the minimal civilized measure of life's necessities are sufficiently grave' to constitute cruel and unusual punishment." *Id.* (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981)). While no precise definition determines what type of deprivations are construed as ones which deny an inmate the "minimal civilized measures of life necessities," the United States Supreme Court has held that such things as food, warmth, exercise and safety fall in into this category, as well as adequate medical care, and protection from physical abuse by other inmates. *E.g. Farmer*, 511 U.S. at 832-34, 114 S. Ct. at 1976-77, 128 L. Ed. 2d 811; *Wilson*, 501 U.S. at 304, 111 S. Ct. at 2327, 115 L. Ed. 2d 271; *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 251 (1976).

The subjective component requires that a prison official act with a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979, 128 L. Ed. 2d 811. A prison official's culpability is measured by deliberate indifference – when an official *"knows and disregards an excessive risk to inmate health or safety. Id.* (emphasis added). Deliberate indifference is established by showing that the defendant officials "(1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997). Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a § 1983 claim.

In the present case, plaintiff has alleged that the defendants failed to protect him from assault by inmate Watson despite knowing plaintiff's history of being attacked. However, the information provided by plaintiff simply does support this contention. Specifically, plaintiff's allegations do not demonstrated that the defendants' conduct constituted deliberate indifference in regard to that alleged incident. In *Farmer*, the Court held that to find that a defendant acted with deliberate indifference was to determine the defendant "knew" of the risk to the plaintiff at the time he acted, but was indifferent or unresponsive to it. 511 U.S. at 840-42, 114 S. Ct. at 1980-81, 128 L. Ed. 2d 811. This subjective test is met if the defendant is shown to be aware of the risk to the plaintiff and then fails to respond to it. Plaintiff has not established that defendants knew of and disregarded an excessive risk to plaintiff's safety, or that plaintiff would suffer substantial harm under the circumstances presented by plaintiff.

While the court in *Farmer* also stated that the knowledge requirement may be met with circumstantial evidence, plaintiff still does not meet his burden in showing that the defendants were at least made aware of the risk that plaintiff would be subjected to serious harm under the facts submitted by plaintiff. In order to make a showing that these defendants were at least aware, as opposed to showing the defendants actually knew that serious harm would befall plaintiff, he would have had to allege that the substantial risks of an inmate attack upon plaintiff was a "longstanding, pervasive, well-documented or expressly noted by prison officials and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Farmer*, 511 U.S. at 842, 114 S. Ct. at 1981, 128 L. Ed. 2d 811.

Plaintiff has not shown such circumstances were apparent. In fact, in his complaint, plaintiff admits that the attack by inmate Watson was unexpected. It should also be noted that the incident in question occurred almost a year after the last attack reported by plaintiff, and was not done by an inmate that had previously attacked him. In sum, plaintiff has not shown that defendants were deliberately indifferent to his safety, and therefore his claims that defendants failed to protect him in violation of the Eighth Amendment should be dismissed for failing to state a claim upon which relief could be granted.

## V. Grievances

Any allegation that defendants failed to respond to plaintiff's grievances does not implicate the constitution. More specifically, "'when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'" *Oladipupo v. Austin*, 104 F. Supp. 2d 626, 637 (W.D. La. 2000) (quoting, *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991)). The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), leaves plaintiff without a federally protected right to have his complaints and grievances investigated and resolved. Inasmuch as the result of these complaints and grievances have no bearing on the duration of plaintiff's confinement, plaintiff cannot show the existence of a state created liberty interest in their investigation and ultimate resolution. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In sum, as plaintiff does not have a constitutional right to have his grievances entertained, it follows that defendants did not have a duty to take action with regard to plaintiff's grievances. Consequently, plaintiff's claims that defendants' failure to answer his

grievances violated his constitutional rights lack an arguable basis in law and should be dismissed as frivolous as such claims are not cognizable under §1983.

## **CONCLUSION**

In accordance with the foregoing, IT IS RECOMMENDED that plaintiff's civil rights complaint be DENIED AND DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in chambers in Lake Charles, Louisiana, this 22d day of May, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE